NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLEG POGREBNOY, | No. 15-55127 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-08532-PA-SS |
| v. | |
| RUSSIAN NEWSPAPER DISTRIBUTION, INC.; MMAP, INC.; VITALY MATUSOV; ALEXANDER GINZBURG, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| NEWS-TYPE SERVICE, INC., | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted July 11, 2017**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Oleg Pogrebnoy sued Russian Newspaper Distribution, Inc.; MMAP, Inc.; Vitaly Matusov; and Alexander Ginzburg (collectively, "Matusov") for trademark and trade dress infringement. After a three-day bench trial, the district court entered judgment in favor of the defendants. Pogrebnoy appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

The district court erred by applying the *Tea Rose–Rectanus* doctrine to bar Pogrebnoy's trademark infringement claim. The *Tea Rose–Rectanus* doctrine does not apply where the junior user had knowledge of the senior user's prior use. *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, No. 15-17418, slip op. at 19 (9th Cir. July 11, 2017). By virtue of their agreement, Matusov knew that Pogrebnoy was the senior user of the Курьер mark, so the *Tea Rose–Rectanus* doctrine had no applicability here. Accordingly, we reverse and remand for the district court to give further consideration to Pogrebnoy's trademark infringement claim. On remand, the district court should also reconsider whether Pogrebnoy expressly or implicitly granted Matusov a license to use the Курьер mark and whether Pogrebnoy is entitled to damages or injunctive relief.

The district court did not clearly err in classifying Курьер as a descriptive rather than suggestive mark. *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 507 (9th Cir. 2011) (giving great deference to a district court's trademark classification); *Lahoti*

2

*v. VeriCheck, Inc.*, 586 F.3d 1190, 1195–96 (9th Cir. 2009) (stating clear error

standard). Both dictionary evidence and the usage of the term in commerce

support the district court's conclusion that "courier"[1] is a descriptive term when

used in reference to a newspaper product. *See Fortune Dynamic, Inc. v. Victoria's*

*Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1033–34 (9th Cir. 2010)

(considering dictionary evidence); *Lahoti*, 586 F.3d at 1200–01 (considering

evidence of usage of the term in commerce); Oxford English Dictionary, "Courier"

(2d ed. 1989) (noting that "courier" is "[a] frequent title of newspapers, as *The*

*Liverpool Courier*"); Webster's Third New International Dictionary 522 (1st ed.

1961) (defining "courier" as "one that carries messages, news, or information").

Pogrebnoy failed to prove a claim for trade dress infringement. Pogrebnoy's

amended complaint, his proposed findings of fact and conclusions of law, an

unadmitted exhibit, and his trial declaration did not adequately identify the

purported unregistered trade dress. *See, e.g.*, *Clicks Billiards Inc. v. Sixshooters*

*Inc.*, 251 F.3d 1252, 1257–58 (9th Cir. 2001) (listing examples of recognized

forms of trade dress).

---

[1] Under the doctrine of foreign equivalents, a foreign word that is familiar to the relevant segment of American purchasers is translated into English to determine its level of distinctiveness. *See Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1167 n.10 (9th Cir. 2013). Курьер means "courier" or "messenger" in English. Collins Russian Dictionary, "Курьер" (2d ed. 2000).

The district court did not abuse its discretion by excluding the recording of a conversation in Russian between Pogrebnoy and Matusov and an accompanying transcript provided by Pogrebnoy. *See Sloman v. Tadlock*, 21 F.3d 1462, 1472 (9th Cir. 1994) (stating abuse of discretion standard). The district court found that the transcript was unreliable because the translation, which Pogrebnoy admitted was partial, included numerous ellipses. *See* Fed. R. Evid. 901.

The district court did not abuse its discretion by granting Pogrebnoy's attorney's motion to withdraw as counsel. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) (stating abuse of discretion standard). Although the district court denied Pogrebnoy's attorney's initial motion to withdraw, the court granted a renewed motion after receiving additional information about the deterioration of the attorney-client relationship and an ongoing fee dispute.

The district court did not abuse its discretion in ordering the trial to proceed by declarations instead of by direct oral testimony. *See Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir. 1989). Contrary to Pogrebnoy's assertion, the district court provided the parties with clear notice in the final pre-trial order that the court intended to proceed with written testimony.

We decline Pogrebnoy's request to transfer the case to a different judge on remand. Pogrebnoy has not shown that this case involves any "unusual" or

4

"extraordinary circumstances" warranting transfer. *See Krechman v. Cty. of Riverside*, 723 F.3d 1104, 1111–12 (9th Cir. 2013) (citations omitted).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Each party shall pay its own costs on appeal.[2]

---

[2] The parties' motions to transmit exhibits are granted.